PETER C. ERBLAND, ISBA #2456
perbland@lclattorneys.com
KATHARINE BRERETON, ISBA #9583
kbrereton@lclattorneys.com
Lake City Law Group PLLC
435 W. Hanley Ave., Suite #101
Coeur d'Alene, ID 83815
T: 208.664.8115
F: 208.664.6338

Christopher W. Cardwell, TSBA #019751 (*pro hac vice*)
Mary Taylor Gallagher, TSBA #021482 (*pro hac vice*)
M. Thomas McFarland, TSBA #033432 (*pro hac vice*)
GULLETT SANFORD ROBINSON & MARTIN, PLLC
150 Third Ave. South, Suite 1700
Nashville, TN  37201
615.244.4994 (Telephone)
615.256.6339 (Facsimile)
ccardwell@gsrm.com
mtgallagher@gsrm.com
tmcfarland@gsrm.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| NUVASIVE, INC. & <br> NEXUS SURGICAL INNOVATIONS, INC. <br><br>     Plaintiffs, <br><br>    v. <br><br> MATT ROBINS <br><br>     Defendant. | Case No. 2:20-cv-00328-DCN <br><br> **PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

Through their counsel of record, and pursuant to Federal Rule of Civil Procedure 65,

Plaintiffs, NuVasive, Inc. ("NuVasive") and neXus Surgical Innovations, Inc. ("neXus" or "neXus

Surgical") (collectively, "Plaintiffs"), move for a preliminary injunction, and request that the Court

**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION - 1**

enjoin Defendant, Matt Robins ("Defendant"), from violating the confidentiality, noncompetition, and nonsolicitation obligations contained in his Confidential Information, Inventions, Nonsolicitation and Noncompetition Agreement (the "Agreement") between himself and neXus, and to which NuVasive is an express, third-party beneficiary.  In support of this motion, Plaintiffs state:

1.      NeXus, one of NuVasive's exclusive sales agents with a sales territory encompassing all or part of Washington, Montana, Utah, Wyoming, and Idaho, engaged Defendant in a sales role – first as an entry-level Spine Associate and then as a full Spine Specialist – between January 7, 2019, and May 31, 2020.

2.      As a condition of his engagement with neXus, Defendant agreed to and executed the Agreement, which contains reasonable confidentiality, noncompetition, and nonsolicitation obligations.

3.      After abruptly resigning his neXus employment on May 31, 2020, Defendant immediately assumed a nearly identical role with NuVasive's direct competitor, Alphatec Spine, Inc. ("Alphatec").

4.      Around the time of his resignation, Defendant communicated to neXus' owner that he did not intend to adhere to the contractual obligations he owes to neXus and NuVasive, and that he intended to immediately solicit the business of his former NuVasive/neXus surgeon-customers on behalf of Alphatec.

5.      Consistent with his representations, Defendant's sales territory on behalf of Alphatec includes several of his long-time NuVasive/neXus surgeon-customers, and Defendant is soliciting the business of and supporting surgeries performed by at least one of those surgeon-customers.

**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION - 2**

6.      If Defendant is not preliminarily enjoined from violating his restrictive covenants, Plaintiffs will continue to be irreparably harmed, in the form of lost customers, which cannot be compensated by money damages.

7.      On the other hand, issuing the requested injunction will not harm Defendant as it will only preclude him from doing what he is contractually precluded from doing – misusing Plaintiffs' confidential and/or proprietary information and improperly competing with Plaintiffs in his former sales territory.   Indeed, Section 7 of the Agreement contains Defendant's acknowledgement that his restrictive covenants are important to Plaintiffs and are necessary to protect Plaintiffs.

8.      Granting the requested injunction will further the public's interest in seeing valid contractual obligations enforced as written.

9.      In further support of this motion, Plaintiffs rely upon a contemporaneously-filed memorandum, the declarations of Derek Mulgrew and John English, the verified allegations in Plaintiffs' Complaint (Dkt. 1), and the exhibits attached thereto.

WHEREFORE, Plaintiffs respectfully requests that this Court:

a.      grant this motion;

b.      issue a preliminary injunction which precludes Defendant from violating the confidentiality, nonsolicit, and noncompetition clauses in his Agreement; and

c.       grant any other relief that it deems just and proper.

**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION - 3**

DATED this 12th day of August, 2020

LAKE CITY LAW GROUP PLLC


/s/ *Katharine B. Brereton*
PETER C. ERBLAND
KATHARINE B. BRERETON


GULLETT, SANFORD, ROBINSON & MARTIN, PLLC

Christopher W. Cardwell (*pro hac vice*)
Mary Taylor Gallagher (*pro hac vice*)
M. Thomas McFarland (*pro hac vice*)

*Attorneys for Plaintiffs*

**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION - 4**

### <u>CERTIFICATE OF SERVICE</u>

       I CERTIFY that on the 12th day of August, 2020, I filed the foregoing with the Clerk of the Court electronically through the CM/ECF system, which will send notice of electronic filing to the registered participants as identified on the NEF.  I further certify that the individuals were served via the methods indicated below:

*Via U.S. Mail, postage prepaid and email*:

Matt Robins
809 E. Mullan Avenue
Coeur d'Alene, Idaho 83814
Mrobins2@gmail.com

*With courtesy copy via U.S. Mail, postage prepaid and email*:

William M. Symmes
Matthew W. Daley
422 West Riverside Avenue, Suite 1100
Spokane, Washington 99201
wms@witherspoonkelley.com
mwd@witherspoonkelley.com


/s/ *Katharine B. Brereton*
Attorney for Plaintiffs

**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION - 5**