# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

NUVASIVE, INC. &
NEXUS SURGICAL INNOVATIONS, INC.

        Plaintiffs,

v.

MATT ROBINS

        Defendant.

Civil Action No. 2:20-cv-00328-DCN

## DECLARATION OF DEREK MULGREW

Under penalty of perjury and pursuant to 28 United States Code Section 1746, Declarant, Derek Mulgrew, states that:

1. My name is Derek Mulgrew  I am above the age of 18 years and am fully competent to give the testimony contained in this declaration, all of which comes from my personal knowledge.

2. I am the sole shareholder and president of neXus Surgical Innovations, Inc. ("neXus").  NeXus is an exclusive distributor of NuVasive, Inc.'s products.

3. I carefully read the Complaint filed by neXus and NuVasive against Mr. Robins, and verify the factual allegations contained in paragraphs 1-6, 9-29, 32, 34-35, 37, 39-41, and 45.

4. Mr. Robins earned more than $100,000 on a prorated basis in calendar year 2020.  He was on path to make, and would have made, in excess of $100,000 in W-2 wages had he not left to work for Alphatec Spine, Inc. ("Alphatec").

5. Dr. Daniel J. Blizzard is the surgeon referenced in paragraph 23 of the Complaint.

6. In my opinion, neXus and NuVasive have little chance of regaining Dr. Blizzard's business unless Mr. Robins – whom I handpicked to work with Dr. Blizzard – is prohibited from working with him for one year.  Indeed, I spent considerable time and effort developing neXus' and NuVasive's relationship with Dr. Blizzard before handpicking Mr. Robins to relocate to Coeur d'Alene to service his business.  By not honoring his restrictive covenants, Robins effectively converted that goodwill

– which belongs to neXus and NuVasive – to his new employer.

7. The chances of neXus and NuVasive losing the business of other surgeons within Mr. Robins former sales territory increase if he fails (and is not required) to comply with his non-competition and/or non-solicitation obligations.  To that end, my understanding is that Mr. Robins recently supported a surgery in which one of neXus' surgeon customers within Mr. Robins' former sales territory utilized Alphatec's products.

8. Non-compete/non-solicit agreements that prohibit sales representatives from working within their former sales territories and calling on their former customers for one to two years is the standard in the spine industry.

9. In my professional opinion, one (1) year – in typical scenarios in which the former sales person does not violate his or her duty of loyalty or restrictive covenants – is a reasonable temporal restriction for sales representatives in the spinal hardware industry.  I state this because, among other reasons, that period of time gives the new sales representative whom the former employer places in the territory a sufficient period of time, if not interrupted, to build relationships with the customers in the territory. Similarly, it protects against the former sales representative converting the goodwill he or she developed with the customer (and which belongs to the former employer) to his or her new employer. Additionally, it is typically a sufficient time to render the pricing and other confidential information possessed by the former sales representative obsolete.

10. My understanding is that Alphatec requires its sales representatives to agree to one-year non-compete/non-solicit agreements.

11. Unlike NuVasive, Alphatec does not have a solution for all types of spinal disease. Accordingly, it would be difficult for a spine surgeon to exclusively utilize Alphatec's products.  Because of this (and for other reasons), I cannot envision how an Alphatec sales representative could do his or her job without soliciting his or her surgeon customers.

12. Mr. Robins is not the only neXus sales representative Alphatec is targeting.  It recently hired the neXus sales representative in Bozeman, Montana.  Like Mr. Robins, that sales representative indicated he will not comply with his restrictive covenants.

13. Further, my understanding is that Alphatec's General Counsel and Chief Human Resources Officer is recruiting other neXus sales representatives by telling them that some or all of

their restrictive covenants are not enforceable. Indeed, Mr. Robins told me that this person made such a statement to him.

14. Alphatec's former Chief Executive Officer, Terry Rich (whom I knew from his past tenure at NuVasive), tried to hire me a few years ago. When I explained to him that I was not interested in severing ties with NuVasive, he encouraged me to simply form a new business entity in my wife's name and operate that entity separate from neXus. Of course, I refused this unethical proposal.

Further, this Declarant sayeth not.

I declare under penalty of perjury that the testimony in this Declaration is true and correct.

Date: 7/16/20

_____
Derek Mulgrew

813619.1/020200564