Paul C. Erbland, ISBA #2456
perbland@lclattorneys.com
Katharine Brereton, ISBA #9583
kbrereton@lclattorneys.com
Lake City Law Group PLLC
435 W. Hanley Ave., Suite #101
Coeur d'Alene, ID 83815
T: 208.664.8115
F: 208.664.6338

Christopher W. Cardwell, TSBA #019751 (*pro hac vice* forthcoming)
Mary Taylor Gallagher, TSBA #021482 (*pro hac vice* forthcoming)
M. Thomas McFarland, TSBA #033432 (*pro hac vice* forthcoming)
GULLETT SANFORD ROBINSON & MARTIN, PLLC
150 Third Ave. South, Suite 1700
Nashville, TN 37201
615.244.4994 (Telephone)
615.256.6339 (Facsimile)
ccardwell@gsrm.com
mtgallagher@gsrm.com
tmcfarland@gsrm.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NUVASIVE, INC. & NEXUS SURGICAL INNOVATIONS, INC.<br><br>Plaintiffs,<br><br>v.<br><br>MATT ROBINS<br><br>Defendant. | Case No. 2:20-cv-00328-DCN<br><br>**DECLARATION OF JOHN ENGLISH** |

Under penalty of perjury and pursuant to 28 United States Code Section 1746, Declarant,

John English, states that:

**DECLARATION OF JOHN ENGLISH - 1**

1.     My name is John English.  I am above the age of 18 years and am fully competent to give the testimony contained in this declaration, all of which comes from my personal knowledge.

2.     NuVasive employs me as its Vice President, Global Professional Affairs and Distributor Engagement, and Chairman of Corporate Grants Committee.  In this role, my duties include, without limitation, working with NuVasive's independent distributors throughout the country.

3.     NuVasive's requires all of its distributors to subject themselves and their sales representatives to one-year Compliance Agreements that contain, among other things, one-year prohibitions on competing within their former sales territories and soliciting their customers within those territories.  These restrictions are substantially similar (if not identical) to restrictions that it imposes on its direct sales employees.

4.     I have been in the spinal hardware industry for approximately ten years.  During that time, I have learned that the industry standard is for sales representatives to agree to non-competition and non-solicitation obligations that contain one to two year temporal restrictions.

5.     NuVasive believes that, in the typical scenario in which the former employee complies with his or her duty of loyalty and restrictive covenants, one year is an appropriate temporal restriction to place on its sales professionals' ability to compete within their former territories after they separate from NuVasive for a number of reasons, including, without limitation:

- much of the confidential information entrusted to them (such as product pipeline information and pricing) becomes public knowledge or goes stale after one year; and

- absent interference, one year provides a new sales representative an appropriate amount of time to earn the trust and confidence of a surgeon customer, hospital

**DECLARATION OF JOHN ENGLISH - 2**

administration and staff, and fairly compete against the former sales professional in the account.

6.      Mr. Robins' current employer, Alphatec Spine, Inc. ("Alphatec"), has hired a number of NuVasive sales professionals over the last year and ignored their non-compete obligations.  For example, Alphatec hired Tim Day, the principal of a Massachusetts and Rhode Island-based exclusive NuVasive distributorship in April of 2019.  Though Mr. Day's Alphatec contract says that Alphatec will not permit him to work within those states for one year after his hire, he, Alphatec's CEO, and his largest surgeon customer had a business meal in May of 2019, in Boston.  Further, Mr. Day testified that, until enjoined from doing so by the District of Massachusetts, he performed no tasks for Alphatec that were outside of his former NuVasive sales territory.

Further, this Declarant sayeth not.

I declare under penalty of perjury that the testimony in this Declaration is true and correct.

Date: 07/14/2020

_____
John English

**DECLARATION OF JOHN ENGLISH - 3**