PETER C. ERBLAND, ISBA #2456
perbland@lclattorneys.com
KATHARINE BRERETON, ISBA #9583
kbrereton@lclattorneys.com
Lake City Law Group PLLC
435 W. Hanley Ave., Suite #101
Coeur d'Alene, ID 83815
T: 208.664.8115
F: 208.664.6338

Christopher W. Cardwell, TSBA #019751
(*pro hac vice*)
Mary Taylor Gallagher, TSBA #021482
(*pro hac vice*)
M. Thomas McFarland, TSBA #033432
(*pro hac vice*)
GULLETT SANFORD ROBINSON & MARTIN, PLLC
150 Third Ave. South, Suite 1700
Nashville, TN  37201
615.244.4994 (Telephone)
615.256.6339 (Facsimile)
ccardwell@gsrm.com
mtgallagher@gsrm.com
tmcfarland@gsrm.com

*Attorneys for Plaintiffs*

William M. Symmes, ISBA #5180
wms@witherspoonkelley.com
WITHERSPOON KELLEY
422 West Riverside Avenue, Suite 1100
Spokane, Washington 99201
T: (509) 624-5265
F: (509) 458-2728

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NUVASIVE, INC. & <br> NEXUS SURGICAL INNOVATIONS, INC. <br><br> Plaintiffs, <br><br> v. <br><br> MATT ROBINS <br><br> Defendant. | Case No. 2:20-cv-00328-DWM <br><br> **JOINT MOTION TO TRANSFER VENUE AND MEMORANDUM OF LAW IN SUPPORT** |

**JOINT MOTION TO TRANSFER VENUE - 1**

The parties, through their respective counsel, and pursuant to 28 U.S.C. § 1404(a), hereby jointly move to transfer this action to the United States District Court for the Eastern District of Washington.  In support of this Joint Motion, the parties state:

## I.      INTRODUCTION

This case is one of three separate actions all currently pending in different federal jurisdictions, which share a similarity of parties and counsel and a common nexus of operative facts.  After consultation, counsel for the parties reached agreement to jointly seek transfer of this matter (the "Idaho Litigation") and the matter of *NuVasive, Inc., et al. v. Arthun*, United States District Court for the District of Montana, Case No. 2:20-cv-00039-BMM (the "Montana Litigation") in order to consolidate them with the matter of *Arthun, et al. v. neXus Surgical Innovations, Inc.*, United States District Court for the Eastern District of Washington, Case No. 2:20-cv-00292 (the "Washington Litigation").  For the convenience of the parties and witnesses, and to further the interests of justice, this Idaho Litigation should be transferred to the Eastern District of Washington so that it may be consolidated with the Washington Litigation.

## II.      RELEVANT FACTS

1.      Plaintiffs, NuVasive, Inc. ("NuVasive") and neXus Surgical Innovations, Inc. ("neXus") filed this action on June 26, 2020, asserting claims against Defendant, Matt Robins ("Robins") for alleged breaches of his employment agreement with neXus to which NuVasive is a third-party beneficiary.  (*See generally*, Compl., Doc. 1).

2.      On August 13, 2020, NuVasive and neXus filed the Montana Litigation asserting factually similar claims against Ronald V. Arthun ("Arthun") for alleged breaches of his employment agreement with neXus to which NuVasive is a third-party beneficiary.  (*See generally*, Mont. Lit. Compl., Doc. 1).

**JOINT MOTION TO TRANSFER VENUE - 2**

3.      Both Robins' and Arthun's employment agreements with neXus are governed by Washington law.

4.      On July 27, 2020, Robins and Arthun instituted the Washington Litigation by filing their Complaint in the Superior Court for Spokane County, Washington against neXus.  The Washington Litigation asserts causes of action for, among others, alleged breaches and a declaratory judgment regarding the same employment agreements at issue in the Idaho Litigation and Montana Litigation.  (*See generally*, Wash. Lit., Not. Rem. Ex. 1, Doc. 1-1).  Robins's and Arthun's employment agreements state that they must bring any claims based on those employment agreements in Spokane, Washington.  neXus removed the Washington Litigation to the Eastern District of Washington on August 18, 2020.  (Wash. Lit., Not. Rem.).

5.      Robins and Arthun share common counsel, as do NuVasive/neXus across these three pending matters.

6.      On August 12, 2020, Plaintiffs' filed their Motion for Preliminary Injunction.  (Doc. 6).

7.      On August 26, 2020, counsel for Robins/Arthun and NuVasive/neXus reached an agreement by which the Idaho Litigation and the Montana Litigation would be consolidated and litigated with the Washington Litigation, leading to the instant Joint Motion to Transfer.

8.      On September 8, 2020, this Court set a hearing on Plaintiffs' Motion for Preliminary Injunction for September 23, 2020, at 1:30 p.m.

### III.      LAW AND ARGUMENT

The statute relevant to transferring matters states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have

**JOINT MOTION TO TRANSFER VENUE - 3**

consented." 28 U.S.C. § 1404(a). "Section 1404(a) is . . . a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system." *Oregon-Idaho Utils., Inc. v. Skitter Cable TV, Inc.*, No. 1:16-cv-00228-EJL, 2017 U.S. Dist. LEXIS 128287, at *11 (D. Idaho Aug. 9, 2017) (quoting *Atlanta Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 581 (2013)). It leaves to the District Court's discretion the adjudication of motions to transfer "according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Id.* (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988)). "The purpose of the rule is "to prevent the waste of time, energy and money to and protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Id.* (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)).

In making its "case-by-case" determination of whether to transfer an action, a Court considers a variety of factors, including but not limited to: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof. *Id.* at **11-12 (citing *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000)). Courts divide these considerations into "public factors" and "private factors."[1] *Id.* at *12 (citing *Atlanta Marine*, 134 S. Ct. at 581, n.6).

---

[1] The private factors include "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Oregon-Idaho Utils*, 2017 U.S. Dist. LEXIS 128287, at *12 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S. Ct. 839, 91 L. Ed. 1055 (1947)). And the public factors include "the administrative difficulties

**JOINT MOTION TO TRANSFER VENUE - 4**

Put simply, each of the factors implicated in this Court's determination of this Joint Motion weigh in favor of transfer.  Only Plaintiffs' choice of forum – in Idaho – countervails those factors, and Plaintiffs are waiving any such consideration of that choice by the filing of the Joint Motion itself.  Robins' and Arthun's employment agreements are indisputably governed by Washington law, and all parties have necessary contacts with the transferee forum, evidenced by the Washington Litigation.  Finally, there is no difference in the ability to procure sources of proof (both willing and unwilling) in the Washington Litigation as compulsory process is available in either forum.  Finally, it should not be discounted that this transfer – along with the transfer of the Montana Litigation – will lead to the consolidation of three separate pieces of litigation into one, convenient forum, promoting judicial economy.  The danger of inconsistent judgments will be eliminated, and the time, energy, and money spent litigating these matters will be drastically reduced via transfer and consolidation.

## IV.   CONCLUSION

In sum, the parties all consent to transfer of this Idaho Litigation to the Eastern District of Washington to pursue consolidation with the Washington Litigation.  There are no factors weighing against a transfer, and this Court should utilize its discretion in granting the relief sought by this Joint Motion.

WHEREFORE, the parties respectfully requests that this Court:

a.    grant this Joint Motion;

---

flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Id.* at **12-13 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)).

**JOINT MOTION TO TRANSFER VENUE - 5**

820168.1/020200564

b.      transfer this Idaho Litigation to the United States District Court for the Eastern District of Washington;

c.      strike the hearing on Plaintiffs' Motion for Preliminary Injunction, which is currently scheduled for September 23, 2020, at 1:30 p.m.; and

d.       grant any other relief that it deems just and proper.

DATED this <u>16th</u> day of September, 2020

LAKE CITY LAW GROUP PLLC                    WITHERSPOON KELLEY


/s/ *Katharine B. Brereton*                          /s/ *William M. Symmes*
PETER C. ERBLAND                               WILLIAM M. SYMMES
KATHARINE B. BRERETON
                                               *Attorneys for Defendant*

GULLETT, SANFORD, ROBINSON & MARTIN, PLLC

Christopher W. Cardwell (*pro hac vice*)
Mary Taylor Gallagher (*pro hac vice*)
M. Thomas McFarland (*pro hac vice*)

*Attorneys for Plaintiffs*


**JOINT MOTION TO TRANSFER VENUE - 6**

## <u>CERTIFICATE OF SERVICE</u>

I CERTIFY that on the <u>16</u><sup>th</sup> day of September, 2020, I filed the foregoing with the Clerk of the Court electronically through the CM/ECF system, which will send notice of electronic filing to the registered participants as identified on the NEF.  I further certify that the individuals were served via the methods indicated below:

William M. Symmes
Matthew W. Daley
422 West Riverside Avenue, Suite 1100
Spokane, Washington 99201
wms@witherspoonkelley.com
mwd@witherspoonkelley.com


/s/ *Katharine B. Brereton*
Attorney for Plaintiffs

**JOINT MOTION TO TRANSFER VENUE - 7**

820168.1/020200564